**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

KEVIN ELIEL AGUIRRE SOLIS,

        Petitioner,

    v.

KRISTI NOEM, *et al.*,

        Respondents.

Case No. 2:26-cv-00053-RFB-EJY

**ORDER ENFORCING JUDGMENT**

Pending before the Court is Petitioner's (ECF No. 25) Motion to Reopen this case to enforce the Court's (ECF No. 18) Order and Judgment ("Motion to Enforce"), wherein the Court found "the egregious harms Petitioner has suffered and continue[s] to suffer in Respondents' custody can only be remedied by ordering Petitioner's immediate release on his own recognizance." See February 12, 2026 Order Granting Writ of Habeas Corpus at 14 ("Order Granting Writ"), ECF No. 25. These harms included Respondent Immigration and Customs Enforcement ("ICE") knowingly and unlawfully placing Petitioner in expedited removal proceedings despite his five years of continuous presence in the United States, id. at 6, and multiple attempts to illegally remove Petitioner from the country, which caused him severe distress. See id. at 7-8.

Upon receipt of the instant Motion, the Court set an expedited briefing schedule, and Federal Respondents filed no opposition, which "constitutes a consent to the granting of the motion." LR 7-2. The government has thus far not contested the factual assertions of Petitioner which the Court adopts here.

Despite the Court's Order requiring Petitioner's release on personal recognizance, ICE and DHS unilaterally imposed release conditions that constitute a significant constraint on Petitioner's

liberty, including "enrollment and successful participation in an Alternatives to Detention (ATD) program as designated by the U.S."; 24/7 electronic surveillance with an ankle monitor, a curfew, and appearances at ICE offices every two weeks. See Motion to Enforce, Ex. 1, Release Paperwork, ECF No. 25-1. ICE asserts authority to unilaterally arrest and re-detain Petitioner, without a pre-deprivation hearing, if he violates any of these restrictive conditions. See id. at 4 ("Failure to comply with the requirements of the ATD program will result in a redetermination of your release conditions or your arrest and detention.").

The Court now clarifies that personal recognizance means release *without conditions* during the pendency of his removal proceedings, other than that Petitioner is required to appear for any future hearings scheduled in those proceedings. The Court further finds these release conditions, coupled with the threat of nonjudicial rearrest and re-detention by ICE, which Federal Respondents unilaterally imposed despite never presenting evidence or argument that Petitioner was a flight risk or dangerous, violate this Court's Order, and constitute significant constraints on Petitioner's liberty such that he is still "in custody" for purposes of § 2241. See Munoz v. Smith, 17 F.4th 1237, 1241 (9th Cir. 2021).

Disturbingly, this Court's Order apparently did not deter ICE from continuing to egregiously violate Petitioner's rights, despite never asserting a legitimate interest in depriving him of his liberty. Petitioner suffers from severe trauma-related mental health issues due to having been tortured by authorities in Nicaragua. See Order Granting Writ at 6, ECF No. 18. Petitioner has been granted withholding of removal to Nicaragua due to the serious risk of harm he faces if returned there, and he has a pending appeal of the denial of his application for asylum. Id. On March 16, 2026, Petitioner reported to the ICE office in Las Vegas as required by the release conditions and was told that his ankle monitoring bracelet "might be removed in the future if he gets a Nicaraguan passport." See ECF No. 27 at 2. Requiring Petitioner to obtain a Nicaraguan passport threatens him with serious harm and exacerbates his mental health symptoms. ICE also told Petitioner they would visit his home on April 30, 2026. See id. The government has no constitutionally recognized justification for these conditions—and the circumstances here suggest ICE is wielding these coercive conditions to terrorize Petitioner into abdicating his rights. As this

Court previously found, "[t]his is not what civil enforcement looks like in a humane system of government under law." Order Granting Writ at 14, ECF No. 14 (citing Aroca v. Mason, --- F.Supp.3d ---, No. 2:26-CV-00057, 2026 WL 357872, at *1 (S.D. W.Va. Feb. 9, 2026).

For the foregoing reasons, Petitioner's (ECF No. 25) Motion is **GRANTED**. This matter is **REOPENED,** and the Court **ENFORCES** its Judgment as follows:

(1) Federal Respondents are **IMMEDIATELY ENJOINED** from imposing release conditions on Petitioner without leave of this Court;

(2) All currently imposed release conditions are **VACATED**;

(3) **As soon as practicable**, Petitioner is instructed to present a physical copy of this Order at the Las Vegas ICE Office. ICE is **ORDERED** to remove the ankle monitor from Petitioner's body and accept the return of all electronic surveillance equipment;

(4) In any event, Federal Respondents must ensure the ankle monitor is removed and returned in compliance with this Order within seven days, no later than **March 26, 2026**.

**IT IS FURTHER ORDERED** that the parties must file a **JOINT STATUS REPORT** certifying Federal Respondents' full compliance with this Order by **March 27, 2026**. This case will remain open pending further order of the Court.

**IT IS FURTHER ORDERED** that any further violations of this Court's Orders by Federal Respondents may result in civil and criminal sanctions for contempt of Court.

**DATED:** March 19, 2026.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

- 3 -